UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JOHN YAX,

   *Plaintiff*,                                CASE NO. 11-CV-10228

v.

COMMISSIONER OF                DISTRICT JUDGE MARIANNE O. BATTANI
SOCIAL SECURITY,              MAGISTRATE JUDGE CHARLES E. BINDER

   *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO RULE 41(b) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.    Introduction**

By order of U.S. District Judge Marianne O. Battani, this case was referred to the undersigned magistrate judge for general case management on January 19, 2011. (Doc. 4.) Pursuant to the scheduling order (Doc. 10), Plaintiff's motion and brief in support of his motion for summary judgment were due on or before May 16, 2011. Since no motion was filed by the deadline, on June 8, 2011, an order was entered notifying Plaintiff that if he did not file his motion and brief by June 30, 2011, the court would issue a Report and Recommendation ("R&R") that the

case be dismissed with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 11.) To date, no motion or brief has been filed by counsel for Plaintiff.

### B.     Discussion

Rule 41(b) gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiff's motion for summary judgment was due on May 16, 2011. Despite being specifically warned that the case may be dismissed should he fail to file a motion and brief by June 30, 2011, Plaintiff has not corresponded with the court in any way. I therefore suggest that Defendant should not be further prejudiced by Plaintiff's failure to pursue his claims. This outcome is consistent with the prevailing practice throughout this circuit. *See, e.g., Funk v. Comm'r of Soc.*

*Sec.*, No. 10-14865, 2011 WL 2470983, at *1 (E.D. Mich. June 22, 2011) (Ludington, J.) (adopting R&R to dismiss case for failure to prosecute under 41(b)); *Davis v. Comm'r of Soc. Sec.,* No. 10-10398-DT, 2011 WL 344115, at *1 (E.D. Mich. Jan. 31, 2011) (Cleland, J., adopting R&R to dismiss case for failure to prosecute under 41(b)); *Gayles v. Comm'r of Soc. Sec.*, No. 09-11914, 2010 WL 3582553, at *1 (E.D. Mich. Sept. 9, 2010) (Rosen, J.) (adopting R&R to dismiss case for failure to prosecute under 41(b) where plaintiff argued his failure was due to his failed attempts to find a lawyer); *Miles-Richardson v. Comm'r of Soc. Sec.*, No. 09-11275, 2010 WL 1790976, at *1 (E.D. Mich. May 3, 2010) (Zatkoff, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *McNaughton v. Comm'r of Soc. Sec.*, No. 09-10766, 2009 WL 4646029, at *2 (E.D. Mich. Dec. 4, 2009) (Borman, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *Hardison v. Soc. Sec. Admin.*, No. 3:10-0171, 2010 WL 4624227, at *1 (M.D. Tenn. Nov. 5, 2010) (recommending dismissal for failure to prosecute); *Nard v. Comm'r of Soc. Sec.*, No. C-1-06-322, 2008 WL 906050, at *1 (S.D. Ohio Mar. 31, 2008) (dismissing with prejudice for failure to prosecute under 41(b)); *Johnson v. Sanders*, No. 07-2029, 2008 WL 199706, at *1 (W.D. Tenn. Jan. 23, 2008) (dismissing with prejudice for failure to prosecute under 41(b)). *Contra Wright v. Comm'r of Soc. Sec.*, No. 09-15014, 2010 WL 5420990, at *3 (E.D. Mich. Dec. 27, 2010) (Friedman, J.) (quoting *Kenney v. Heckler*, 577 F. Supp. 214 (N.D. Ohio 1983)).

### C.     Conclusion

Accordingly, because counsel for Plaintiff has failed to comply with the Court's schedule despite having been specifically warned of the consequences, I conclude that he has failed to undertake a meaningful effort to prosecute this lawsuit in a diligent manner. As a result, I suggest that the case be dismissed with prejudice for failure to prosecute.

### III.    REVIEW

3

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

|  |  |
|---|---|
|  | s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗 |
|  | CHARLES E. BINDER |
| Dated: July 7, 2011 | United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and on the following non-ECF participant via the United States Postal Service: James John Yax, 14977 Oxford Ct., Southgate, MI 48195.

Date: July 7, 2011                              By     s/Patricia T. Morris
                                                 Law Clerk to Magistrate Judge Binder

4